**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ADA-ES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. _____** |
| **LOUISIANA GENERATING, L.L.C.** | **JUDGE _____** |
| | **MAGISTRATE _____** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW INTO COURT**, through undersigned counsel, comes ADA-ES, Inc. ("ADAES"), plaintiff, a Colorado corporation, who files this original Complaint and Demand for Jury Trial, and alleges as follows:

**PARTIES**

1.

Made defendant herein is Louisiana Generating, L.L.C. ("Defendant"), a Delaware limited liability company authorized to do and doing business in Louisiana, whose principal place of business in Louisiana is located at 10710 Airline Highway, Baton Rouge, Louisiana 70895.

**VENUE AND JURISDICTION**

2.

Venue is proper in this matter under 28 USC §1391.  This Court has personal jurisdiction over the parties as the committed acts complained of occurred in Louisiana.  This Court has subject matter jurisdiction over this case under 28 USC §1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

1775640v.1

3.

Defendant is indebted to ADAES in an amount not less than $1,463,386.00, plus legal interest from the date the work was performed and/or debt was due until paid, plus court costs and attorney's fees by reason of the following:

4.

ADAES is a performance-based contractor/supplier with extensive experience in providing environmental and emissions control technologies to power plants throughout the United States.

5.

Defendant entered into two separate contracts with ADAES for the delivery and installation of certain equipment and related technologies for the improvement of Defendant's "Big Cajun II Generating Station" in New Roads, Louisiana (hereinafter, "the Project"). The first contract was for the delivery and installation of a "Dry Sorbent Injection System" ("the DSI Contract"); the second contract was for the delivery and installation of an "Active Charcoal Injection System" ("the ACI Contract").

6.

The design engineer hired by the Defendant for the Project was Sargent & Lundy, LLC ("Engineer"), and ADAES was to furnish and install the equipment and materials under the contracts in accordance with the plans and specifications issued by the Engineer, which it did.

7.

ADAES fully performed, or, alternatively substantially performed and/or has been released from performing, its material obligations under the contracts with Defendant, and all conditions precedent to the enforcement of the contracts against Defendant have been satisfied.

8.

ADAES completed its performance under the contracts with Defendant and timely forwarded invoices to Defendant requesting payment for its labor, materials and equipment furnished to the Project. However, despite repeated demands by ADAES for payment, Defendant has failed and refused, and continues to fail and refuse, to pay ADAES the remaining balances owed.

9.

The remaining balance owed on the DSI Contract is $1,383,855.00, and the remaining balance owed on the ACI Contract is $79,531.00, which totals $1,463,386.00 due and owing to ADAES by Defendant.

10.

ADAES will show that Defendant has breached its contracts with ADAES by failing and refusing to the pay the remaining balances owed, and that ADAES has been damaged as a result of such breaches in an amount not less $1,463,386.00, and for such sum, plus interest, costs, and attorney fees, ADAES herein sues Defendant.

11.

Alternatively, in the event the court determines that no enforceable contract exists, or that any of the aforementioned contracts have been extinguished, ADAES would show that Defendant has retained the benefit of ADAES' equipment, materials and services without making payment therefor. Hence, Defendant has been unjustly enriched and should not retain the benefits of such equipment, materials and services without paying reasonable compensation therefor. Since such equipment, materials and services were furnished under circumstances where Defendant knew or should have known that it would be expected to pay for same, ADAES is entitled to recover of and

from Defendant, based upon *quantum meruit*, the reasonable value of the equipment, materials and services furnished to Defendant.  ADAES alleges that the reasonable value of such equipment, materials and services furnished to Defendant is an amount not less than $1,463,386.00, and for such amounts, which represent the damages sustained by ADAES, plus interest and costs, ADAES herein sues.

12.

ADAES is entitled to a trial by jury for all issues herein.

13.

ADAES is entitled to all other just and equitable relief that is reasonable in the premises.

**WHEREFORE,** ADA-ES, Inc. prays that after due proceedings and a trial by jury are had, there be judgment herein in favor of ADA-ES, Inc. and against Defendant, Louisiana Generating, L.L.C., for all damages pled herein, together with interest thereon at the maximum legal rate from date due until paid, reasonable and necessary attorney fees, all costs incurred in these proceedings, and for all other relief at law and/or in equity to which ADA-ES, Inc. may show itself justly entitled.

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

BY: s/ Edward J. Laperouse, II
    Edward J. Laperouse, II, #29310
    John S. Campbell, III #23674
    Kelley R. Dick Jr. #36434
    450 Laurel Street, 8th Floor (70801)
    P. O. Box 2471
    Baton Rouge, LA 70821
    Telephone:  (225) 387-3221
    Facsimile:  (225) 346-8049
    Email:  ted.laperouse@taylorporter.com
    Email:  johnstone.campbell@taylorporter.com
    Email:  kelley.dick@taylorporter.com
Attorneys for ADA-ES, Inc.